DECISION
James G. McKinney was indicted in 1989 on one count of rape and one count of gross sexual imposition. The offenses were alleged to have occurred sometime between April of 1987 and April of 1988. In October of 1989, Mr. McKinney pled guilty to the gross sexual imposition charge. He was sentenced to a term of incarceration of two and one-half to ten years.
Mr. McKinney was still incarcerated at the time of the enactment of R.C. Chapter 2950, which deals with sexual predators and sexually oriented offenders. A hearing was held on August 17, 1999 to determine if Mr. McKinney was a sexual predator. The trial judge assigned to the docket of the judge who originally sentenced Mr. McKinney found that Mr. McKinney should not be classified as a sexual predator, but should be classified as a sexually oriented offender.
The state of Ohio has now appealed the trial court's finding, assigning a single error for our consideration:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT APPELLANT WAS A SEXUAL PREDATOR.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The state of Ohio has the burden of proving a person is a sexual predator by clear and convincing evidence, per R.C. 2950.09(B)(3).
In the hearing to determine if Mr. McKinney was a sexual predator, the state of Ohio presented no live testimony. The only evidence presented was a copy of the original indictment, a copy of the "entry of guilty plea" form, a copy of the sentencing entry and copies of some forms from the Ohio Department of Rehabilitation and Correction ("ODRC"). The first three documents do nothing but prove that Mr. McKinney was indicted on both rape and gross sexual imposition charges, but pled guilty to the gross sexual imposition charge, with the victim being a child five years of age. The documents also demonstrate that Mr. McKinney was convicted of attempted carrying a concealed weapon in 1987.
The documents from ODRC indicate that Mr. McKinney had no disciplinary record during almost ten years of incarceration. He completed courses in self-acceptance, Bible study and interpersonal counseling. He also completed his GED in 1990 and participated in Alcoholics Anonymous.
The only psychological report regarding Mr. McKinney was conducted on March 25, 1991 in preparation for a parole hearing. At that time, Mr. McKinney was "given an average prognosis for completing his furlough or parole." No psychological reports about who Mr. McKinney is now or what his likelihood of re-offending were at the time of his hearing in 1999 are present in the record.
Under the circumstances, the trial court was within its discretion to find that the state of Ohio had failed to prove by clear and convincing evidence that Mr. McKinney is likely to engage in sexually orient offenses in the future. Therefore, the trial judge was within his discretion to find that the state had failed to prove Mr. McKinney is a sexual predator.
The sole assignment of error is overruled. The judgment of the trial court is affirmed.
McCORMAC, J., concurs.
DESHLER, J., dissents.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
Being unable to agree with the majority, I respectfully dissent.
In the present case, the materials before the trial court established that the victim in the case was defendant's own natural daughter, age five.
 * * * The age of the victim is probative because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
State v. Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported. The pre-parole psychological evaluation, contained in defendant's institutional summary, recounts an admission by defendant that he abused his daughter over a period of approximately one year. We should weigh heavily these aspects of defendant's conduct, considering that the victim in defendant's case is his own daughter, and the molestation by his own statement occurred repeatedly over a long period of time: "The strength of the compulsion can be assessed by the length of time [defendant] engaged in the acts of molestation. The [defendant] violated deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children * * *." State v.Ferguson (Mar. 31, 1998), Franklin App. No. 97AP-858, unreported. The circumstances of defendant's offense satisfy the enumerated factors set forth in R.C. 2950.09(B)(3)(c), regarding the age of the victim, R.C. 2950.09(B)(3)(h), in that the offense was part of a demonstrated pattern of abuse, and the general provision of R.C.2950.09(J), "any additional behavioral characteristics that contribute to the offender's conduct," based upon the incestuous nature of defendant's actions. The weight to be accorded such factors is great, as recently reaffirmed by this court in State v.Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported, and State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported.
It is also noted that defendant's institutional summary does not reflect completion of the available counseling programs for sex offenders. Under R.C. 2950.09(B)(2)(f), this factor weighs in favor of determining defendant to be a sexual offender.
The defendant admitted to substance abuse, including cocaine use, at the time he was abusing his daughter. Defendant's criminal activity of a non-sexual nature, which includes substance abuse, is a relevant factor in assessing his danger of recidivism. "A reasonable inference is that substance abuse contributed to his criminal activity, and recidivism of this nature is always high."State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported.
I do not find particularly probative the ODRC study relied upon by defendant. Although the study does, indeed, reflect a lower rate of reincarceration (five years post-release) for sex offenders convicted of crimes against family members, and in fact for some sex offenders generally as compared to the overall prison population, these conclusions of themselves directly contradict the express legislative findings and intent of R.C. Chapter 2950:
 (A) The general assembly hereby determines and declares that it recognizes and finds all of the following:
* * *
 (2) Sexual predators and habitual sex offenders pose a high risk of engaging in further offenses even after being released from imprisonment, a prison term, or other confinement and that protection of members of the public from sexual predators and habitual sex offenders is a paramount governmental interest. [R.C. 2950.02(A)(2).]
The legislature has thus expressly found that rates at which sex offenders re-offend pose a graver risk to society than for other categories of offenders, based no doubt upon both an unacceptably high risk of recidivism and the severe harm such crimes cause to their victims. The ODRC study relied upon by defendant, moreover, addresses only rates of reincarceration, not rates of re-offending. Obviously, particularly in the case of defendants convicted of molesting family members, a five year post-release recidivism study will not accurately reflect the re-offense rate, since these types of offenders are unlikely to immediately re-establish themselves in a family context which permits them to commit new offenses, and such offenses are notoriously likely to go undected for long periods of time. For these reasons, I find that little weight can be given to the ODRC study in question.
In contrast to the majority, I would find the state has met its burden of showing, by clear and convincing evidence, that defendant is likely to re-offend and should therefore be classified as a sexual predator. I therefore dissent.